IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JEFFERY THORNELL, for himself and all others similarly situated,** | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 5:14-CV-00317 |
| **STONELEIGH RECOVERY ASSOCIATES, LLC,** | § § § § | |
| Defendant. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### Introduction

1.      This case is brought by Plaintiff, Jeffery Thornell ("Plaintiff" or "Thornell"), an individual consumer, for himself and all others similarly situated, against Defendant, Stoneleigh Recovery Associates, LLC ("Defendant" or "Stoneleigh"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### Jurisdiction

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that the Defendant transacts business in this federal judicial district and the conduct complained of occurred in this federal judicial district.

## Parties

3. Plaintiff is a natural person residing in the Western District of Texas, San Antonio Division.

4. Defendant Stoneleigh is a foreign corporation engaged in the business of collecting consumer debts in this State. Stoneleigh maintains a registered agent in Texas, CT Corporation Systems, on which service will be perfected at 211 E. 7th Street Suite 620, Austin, Texas 78701-3218. The principal purpose of Stoneleigh's business is the collection of consumer debts and Stoneleigh regularly attempts to collect debts alleged to be due another.

5. Stoneleigh is engaged in the collection of debts from consumers using the mail and telephone. Stoneleigh regularly attempts to collect consumer debts alleged to be due to another. Stoneleigh is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

## Factual Background

6. On or about March 5, 2014, Stoneleigh sent Thornell a letter self-described as an **IMPORTANT SETTLEMENT OFFER** and advised that "We are not obligated to extend or renew this offer". See Exhibit 1 attached hereto. The settlement letter refers to a time-barred credit card debt originally alleged to be owed to Citibank and now allegedly owned by NCEP, LLC. The letter does not advise Plaintiff that suit on the debt is barred by the applicable Texas statute of limitations, nor does it advise Plaintiff that limitations might be revived if he makes a partial payment or otherwise acknowledges the alleged debt.[1] The collection letter sent to

---

[1] *See* generally, *McMahon v LVNV Funding, LLC*, 2014 U.S. App. LEXIS 4592 (7th Cir. 2014) and Brief of *Amici Curiae* Federal Trade Commission and Consumer Financial Protection Bureau, Doc. No. 006111982077, filed March 5, 2014, Case 13-2523, *Buchanan v Northland Group, Inc*., pending in the Sixth Circuit Court of Appeals; *United States v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (FTC consent decree requiring Asset Acceptance, another nationwide debt collector, to disclose to consumers whether it knows or believes that a debt was incurred outside the limitations period, using the language: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it").

Thornell by Defendant leaves the impression that the alleged debt can still be legally enforced, when it cannot be, and it therefore misrepresents the character or status of the alleged debt.

## Claims for Relief

7. Defendant's actions alleged herein violate the FDCPA. Defendant's violations include, but are not limited to the following:

   (A) Defendant's communication contained a false impression of the character, amount, or legal status of the alleged debt.

   (B) Defendant used false, deceptive, or misleading representations or means in connection with the debt collection.

   (C) Defendant attempted to collect an amount not authorized by any agreement creating a debt.

   (D) Defendant's communication creates confusion about the Plaintiff's rights.

   (E) Defendants used unfair or unconscionable means to attempt to collect the debt.

   (F) Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the alleged debt.

8. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, and for Plaintiff's actual damages, statutory damages, and costs and attorneys' fees.

9. Plaintiff seeks to certify this case as a class action. Plaintiff seeks certification of a class defined as follows:

   "All persons in the United States to whom, within the one-year period prior to the filing of this case, Stoneleigh sent a letter in the form or substance as that of the attached Exhibit 1, or other similar content form letters by which Stoneleigh seeks to

collect consumer debts that are barred by the statute of limitations in the state to which the letter is sent"

10.     This action is brought as a class action arising from Defendant's uniform, repeated and systematic violations of the FDCPA. This action is properly brought as a class action for the following reasons:

a. The Class consists of hundreds or thousands of persons and is thus so numerous that joinder of all members, whether otherwise required or permitted, is impracticable.

b. There are questions of law or fact common to the Class and those common questions predominate over any questions affecting only individual members.

c. The claims asserted by Plaintiff are typical of the claims asserted by members of the Class.

d. Defendant has acted on grounds generally applicable to the class thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

e. Plaintiff will fairly and adequately protect the interests of the Class in that he has no interests antagonistic to those of the other members of the Class, he is committed to diligently prosecuting the case, and he has a sufficient level of knowledge and understanding to be capable of controlling or prosecuting the litigation and also has an understanding of his role as class representative.

f. Plaintiff has retained attorneys experienced in class action, consumer and fair debt collection litigation. Plaintiff's counsel is ready, willing and able to prosecute this case with vigor. Plaintiff's counsel have no conflicts of interest with the named Plaintiff or with the putative class members.

      g. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

      i. Given the size of individual Class members' claims, few Class members could afford to seek legal redress individually for the wrongs Defendant committed against them;

      ii. When the liability of Defendant is adjudicated, claims of all members of the Class can be determined by the Court;

      iii. This action will facilitate the orderly and expeditious administration of the Class claims; economies of time, effort and expense will be fostered, and uniformity of outcome will be assured;

      iv. Without a class action, the Class members will continue to suffer damages, and Defendant's violations of law will continue without remedy while they reap and retain the proceeds of their wrongful conduct; and

      v. This action presents no difficulties that would impede its management by the Court as a class action.

## Prayer

Accordingly, Plaintiff, for himself and all others similarly situated requests that judgment be entered against Defendant for the following:

    (A) Declaratory judgment that Defendant's conduct violated the FDCPA;

    (B) Statutory damages, actual damages, including all amounts paid on the time barred debts that are the subject of this case, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

    (C) For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

BINGHAM & LEA, P.C.
319 Maverick Street
San Antonio, Texas 78212
(210) 224-1819 Telephone
(210) 224-0141 Facsimile
ben@binghamandlea.com
royal@binghamandlea.com


BY:  */s/ Royal B Lea, III*
        ROYAL B. LEA, III
        State Bar No. 12069680
        BENJAMIN R. BINGHAM
        State Bar No. 02322350

COUNSEL FOR PLAINTIFF